IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ANTHONY J. BRODZKI,   Plaintiff, | § § § | |
| v. | § | 3:09-CV-2068-G |
| CPD,   Defendant. | § § § § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. § 636(b), and an order of the District Court in implementation thereof, this case has been referred to the United States Magistrate Judge. The findings, conclusions and recommendation of the Magistrate Judge are as follows:

FINDINGS AND CONCLUSIONS:

   Type of Case: This is an unspecified *pro se* civil action.[1]

   Parties: Plaintiff resides in North Richland Hills, Texas. Defendant is the Chicago Police Department (CPD). The court did not issue process in this case, pending preliminary screening.

   Statement of Fact: On October 30, 2009, Plaintiff filed the complaint in this action alleging violations as a result of an "electric harassment box" used by the Chicago Police Department. He requests monetary and injunctive relief.

   Findings and Conclusions: 28 U.S.C. § 1391(b), which governs venue of a federal cause

---

   [1] Plaintiff filed two additional complaints contemporaneously with the filing of this action. *See Brodzki v. Topeka Police Department*, 3:09cv2065-B (N.D. Tex.) (referred to the undersigned for screening); *Brodzki v. Seng*, 3:09cv2067 (N.D. Tex.) (referred to Magistrate Judge Stickney for screening).

of action, provides in pertinent part as follows:

> (b) A civil action wherein jurisdiction is not founded solely on diversity of citizenship may, except as otherwise provided by law, be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought.

All events leading to the claims at issue in this case took place in Chicago, Illinois. None of the events took place in the Northern District of Texas, where Plaintiff may be residing at this time. Because Plaintiff's claims arise out of events which occurred in Illinois, and the defendants reside in that State, venue is not proper in the Northern District of Texas.

When venue is not proper, a district court has the authority to dismiss the case or transfer it in the interest of justice to any district or division in which the action could have been brought. 28 U.S.C. § 1406(a). Section 1406(a) provides as follows:

> The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought.

A district court has broad discretion in determining whether to dismiss or transfer a case in the interest of justice. *See Caldwell v. Palmetto State Savings Bank of South Carolina*, 811 F.2d 916, 919 (5th Cir. 1987).

Plaintiff is well aware of the venue provisions and filing requirements having filed nine cases in the U.S. District Court for the Northern District of Illinois during the last few months. One of those actions was recently dismissed due to improper venue. *Brodzki v. Topeka Police Department*, 1:09cv5956 (N.D. Ill, Oct. 21, 2009. Under such circumstances, Plaintiff's complaint should be dismissed without prejudice because of improper venue, and his motion to

proceed *in forma pauperis* should be denied without prejudice.[2]

RECOMMENDATION:

For the forgoing reasons, it is recommended that the complaint be DISMISSED without prejudice because of improper venue, *see* 28 U.S.C. § 1406(a), and that the motion to proceed *in forma pauperis* be DENIED without prejudice.

A copy of this recommendation will be mailed to Plaintiff.

Signed this 5th day of November, 2009.

_____
WM. F. SANDERSON, JR.
UNITED STATES MAGISTRATE JUDGE

NOTICE

A copy of this report and recommendation shall be served on all parties in the manner provided by law.  Any party who objects to any part of this report and recommendation must file specific written objections within 10 days after being served with a copy.  *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b).  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.

---

[2] On September 8, 2009, Plaintiff filed a chapter 7 petition in the U.S. Bankruptcy Court for the Northern District of Illinois, listing a mailing address in Arlington Heights, Illinois. *See* No. 09-33274.